18125. ANDREWS *et al.* v. THE STATE.

A conviction of assault with intent to murder was unauthorized. The specific intent to kill, which must be shown in order to convict of that offense, was not established by evidence that one of the defendants, when they were riding in an automobile followed by the automobile of an officer, operated a smoke-screen device and caused it to emit on and around the officer a dense smoke containing poisonous gas, and thus caused him to run his car into the bank of the road and to suffer a severe headache from inhaling the gas. There was no evidence as to how much gas was emitted, and no evidence that the defendants knew that deadly gas would be emitted with the smoke. The only evidence that might tend to show intent to kill was wholly circumstantial and was not sufficient to exclude the reasonable hypothesis that the smoke-screen device was operated solely for the purpose of escaping from the officer and without intent to kill.

DECIDED JULY 14, 1927.

Assault with intent to murder; from DeKalb superior court— Judge Hutcheson. March 26, 1927.

Homicide, 30 C. J. p. 319, n. 97.

*Paul L. Lindsay,* for plaintiffs in error.

BROYLES, C. J. The indictment charged that the two defendants were operating an automobile on a public highway; that the automobile was equipped with a smoke-screen and poison-gas device which, at the will of the operator of the car, could be made to emit from the exhaust pipe at the rear of the car a dense smoke containing carbon monoxide—a deadly and poisonous gas likely to produce death; that when L. S. Henderson, driving another automobile, approached the rear of the defendants' car, they, with the intent to kill and murder him by poisoning him with the carbon monoxide gas, caused the poisonous gas to be emitted from their automobile onto and into said Henderson. A second count of the indictment charged that the defendants attempted to kill and murder Henderson by blinding him with the smoke emitted from their car and thus causing him to be unable to see the road or to keep his car in the road, thereby causing the wreck of his car and his death.

Upon the trial the evidence showed that the automobile of the defendants was equipped with a smoke-screen device as charged in the indictment; that they were operating the car on a public highway, and that when Henderson, driving another car, approached them from their rear, one of the defendants began to operate the smoke-screen device and caused it to emit a dense smoke on and around Henderson, which caused him several times to run his car into the bank of the road, and the inhaling of the smoke by him produced a severe headache which lasted a day and a night. Two professors of chemistry from Emory University testified that they had examined the smoke-screen device on the defendants' car and the oil mixture therein, and that, in their opinion, the device when operated would emit into the air a dense smoke and an invisible, odorless, and highly poisonous gas—carbon monoxide— which would cause death to any one inhaling a sufficient quantity for a sufficient length of time. However, there was no evidence as to how much of this gas was emitted by the smoke-screen device, *and no evidence showing that the defendants, or either of them, knew that this deadly gas would be emitted along with the smoke from their smoke-screen device; and the specific intent to kill is a necessary ingredient of the offense of an assault with intent to murder.* In our opinion there was no evidence authorizing

a finding that the defendants put out their smoke-screen with the intent to kill Henderson (who, the evidence showed, was a county policeman and who was pursuing them in the belief that they were transporting a load of whisky), either by poisoning him with carbon monoxide gas, or by blinding him with smoke and thereby causing the wreck of his car and his death.

The only evidence tending in the slightest degree to show an intent to kill on the part of the defendants was wholly circumstantial, and was not sufficient to exclude the reasonable hypothesis that they operated their smoke-screen device solely for the purpose of escaping from the officer and without any intent to kill him.

It follows that the defendants' conviction of an assault with intent to murder was unauthorized.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*